SAVOIE, Judge.
Plaintiff appeals the trial court’s finding that no right of action exists on his petition to rescind a contract for lesion beyond moiety.
Plaintiff entered into an agreement to sell certain property to Century 21 Gold Key Realty, Inc. (hereinafter referred to as Century 21). This agreement stated that Century 21 agreed to pay $120,000.00 for the subject property upon the following terms: “$90,000.00 Cash at act of sale thru — property exchanges with the balance ($30,000.00) to be financed for 12-Months $ ten (10%) interest.” Thereafter, by document entitled “Act of Exchange Between Century 21 Gold Key Realty, Inc., Floyd S. Saizan,” plaintiff transferred to Century 21 the property for and in consideration of (1) certain immovable property, (2) a $10,-000.00 promissory note, (3) a $30,000.00 promissory note, and (4) $25,405.00 cash. The “Act of Exchange” stated that this exchange was being made mutually by the parties and that the properties exchanged were of equal value. Several months later, plaintiff brought this action to rescind the contract, alleging lesion beyond moiety. Defendant filed a Peremptory Exception of No Right of Action under L.S.A.-C.C. art. 2666, which exception was maintained by the trial court.
*42 We note that the trial court failed to provide either written or oral reason for judgment. However, we assume his decision was based on the law advanced in the exception, that being, L.S.A.-C.C. art. 2666.
On appeal, plaintiff alleges two assignments of error.[1] However, neither assignment has any bearing on the question posed to the trial court at the hearing on defendant’s exception, that being, whether plaintiff is barred by L.S.A.-C.C. art. 2666 from bringing this action. Accordingly, we will not address the specific assignments raised by plaintiff on appeal but will address that issue which faced the trial court.
An exchange is a contract by which the parties to the contract give to one another one thing for another, whatever it be, except money, for in that case, it would be a sale.[2] L.S.A.-C.C. art. 2660.
It is clear from the facts that the contract in question was that of exchange. As consideration for the property plaintiff transferred, he received certain immovable property, three promissory notes, and some cash.
Contracts of exchange are subject to rescission on account of lesion except in two cases: (1) when one party gives immovable property to the other in exchange for movable property, and (2) if a balance has been paid in money or immovable [in movable] property, and if the balance paid exceeds by more than one-half the total value of the immovable property given in exchange by the person to whom the balance has been paid. L.S. A.-C.C. arts. 2664, 2665, and 2666, respectively.
Under the present factual circumstances, L.S.A.-C.C. art. 2665 is not applicable because the exchange was not immovable property for movable property. The exchange was immovable property for immovable property and movable property. Thus, L.S.A.-C.C. art. 2666 is controlling.
Using L.S.A.-C.C. art. 2666 as our legal basis, we pretermit a factual finding of whether the balance paid exceeds by more than one-half the total value of the immovable property given in exchange by the person to whom the balance has been paid. We note that a factual determination thereon is not necessary because under L.S.A.-C.C. 2666, it is only the person who has paid such balance who may demand rescission of the contract on account of lesion, and that person is not the plaintiff herein.
Since factual circumstances of plaintiffs exchange fail to invoke the application of either exception, plaintiffs contract of exchange cannot be rescinded on account of lesion.
Accordingly, the judgment of the trial court is affirmed. Plaintiff is to pay all costs.
AFFIRMED.

. Plaintiff contends that the trial court erred in: (1) finding that his agreement to purchase did not constitute a counter-letter, and (2) denying its admission into evidence.

. The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself. L.S.A.-C.C. art. 2439.